**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MICHAEL A. WEBSTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-438-M |
| | § | |
| MICHAEL CHERTOFF, SECRETARY, | § | |
| UNITED STATES DEPARTMENT OF, | § | |
| HOMELAND SECURITY, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Pursuant to the District Court's order referring this case to the Magistrate Judge for

pretrial management, came on to be considered Defendant's motion for summary judgment

pursuant to Fed. R. Civ. P. 56, and the Magistrate Judge finds and recommends as follows:

BACKGROUND

Plaintiff Michael A. Webster ("Webster"or "Plaintiff") filed this action against Defendant

Michael Chertoff ("Defendant") in his capacity as Secretary of the United States Department of

Homeland Security. Webster alleges that he was discriminated against in violation of Title VII

of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, et seq. on the basis

of his gender by the creation of a hostile work environment. Webster also claims that he was

retaliated against for having made a complaint of workplace discrimination. Plaintiff's New

Amended Pleading (Doc. 45), filed on June 26, 2007.

Webster is a male employed as an examinations assistant with the Dallas office of United

States Citizenship and Immigration Services, a division of the Department of Homeland

Security. Defendant's Appendix (hereinafter "Def. App.") p. 3. Pursuant to 29 C.F.R. §

1614.105(a)(1) on July 20, 2005, Webster contacted an EEO counselor, Ruthia Jackson, to

complain of conduct in which Terri Karafin, a term supervisor, engaged on July 18, 2005. After

completing her investigation, Ms. Jackson prepared a report, Def. App. pp. 56-57, and informed

Plaintiff that he had 15 days in which to file a formal discrimination complaint with the

Department of Homeland Security. *Id*. at 68. On September 22, 2005, Webster filed a formal

written complaint, claiming discrimination on the basis of race, age and his status as a disabled

veteran. Def. App. pp. 3-4. He alleged the July 18, 2005 incident in which Ms. Karafin, who

was filling in for one of his supervisors while he was out of town, allegedly interfered with

Webster's ability to manage the agency files for which he was responsible. Def. App. pp. 5-6, ¶

15: (b) and (c). He expressly excluded an incident which occurred on August 26, 2005, in which

Ms. Karafin allegedly denied him an opportunity to work overtime. *Id*. at ¶ 15: (a). The

Department of Homeland Security dismissed Webster's agency discrimination complaint on

December 2, 2005, finding that his complaint was not actionable because it did not "challenge an

agency action or inaction regarding a specific term, condition or privilege of employment" and

did not allege conduct that was pervasive or sufficiently severe so as to create a hostile work

environment. Def. App. at 9-10. He filed his original complaint in this action on March 10,

2006.

On July 16, 2007, Webster filed a second discrimination complaint with the Department

of Homeland Security, alleging discrimination based on his race and sex, as well as retaliation.

Def. App. pp. 19-23. Webster alleged that Ms. Karafin, who was not one of his department

supervisors, reviewed his work without prior authorization. Def. App. p. 21. He alleged that he

learned of Ms. Karafin's actions on March 7, 2007. *Id*. On January 2, 2008, the Department of

Homeland Security dismissed Webster's complaint, finding that he did not initiate contact with

an EEO Counselor within 45 days of the discriminatory action as required by 29 C.F.R.

1614.105(a)(1) and did not provide any explanation for his delay.  Def. App. p. 26.  The agency

also noted that the fact that Webster had filed a federal discrimination claim in this court,

alleging discrimination by Ms. Karafin, revealed that he "had a reasonable suspicion of

discrimination at that time, but did not act with due diligence in the pursuit of [his] EEO claim."

Def. App. p. 27.

On June 26, 2007, Webster filed his amended complaint.  In his amended complaint,

Webster alleges sex-based discrimination by Ms. Karafin in denying him an opportunity for

overtime work which he claims was previously approved by his immediate supervisor and in

"reviewing [his] work [on a ] constant basis."  Amended Complaint p. 2.  He further alleges that

Ms. Karafin retaliated against him by creating a hostile work environment and by reviewing his

work without authorization after he complained to her supervisor about her denial of overtime

work.  His amended complaint which supersedes his original complaint does not include

allegations relating to the July 18, 2005 incident alleged in his September 22, 2005 EEO

complaint.

On May 28, 2008, Defendant filed a motion for summary judgment.  Plaintiff has not

filed a response.

SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party has the initial burden of

showing there is no genuine issue of any material fact and judgment should be entered as a

matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct.

2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986).

The materiality of facts is determined by substantive law. *Anderson*, 477 U.S. at 248. An issue

is "material" if it involves a fact that may affect the outcome of the suit under governing law.

*See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). If the moving

party presents evidence tending to show the absence of any genuine issue of fact, the opposing

party must then identify specific evidence in the record which establishes the existence of one or

more issues of fact, i.e. a non-movant may not merely rely on his or her pleadings. *See*

*Anderson*, 477 U.S. at 256-57; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

475 U.S. 574, 585-87, 106 S. Ct. 1348 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d

455, 458 (5th Cir. 1998). In addition, neither conclusory allegations nor hearsay statements are

competent evidence sufficient to defeat a motion for summary judgment. *Topalian v. Ehrman*,

954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S. Ct. 82 (1992). In analyzing

the competent evidence proffered by the parties, the facts and the inferences to be drawn are

viewed in the light most favorable to the non-movants. *Herrera v. Millsap*, 862 F.2d 1157, 1159

(5th Cir. 1989).

PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Defendant moves for summary judgment on the basis that Webster has failed to exhaust

his administrative remedies.

As a precondition to seeking judicial relief, federal employees suing under Title VII must

exhaust their administrative remedies. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir.), *cert.*

*denied*, 127 S. Ct. 299 (2006). To do so, federal employees "must initiate contact with a[n]

[EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the

4

case of personnel action, within 45 days of the effective date of the actions." 29 C.F.R. §

1614.105(a)(1). The 45-day limitation period begins to run from the time the discriminatory

event or personnel action occurs, not when the plaintiff discovers or can prove that a

discriminatory intent motivated the action. *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992).

In addition, the employee must file a formal EEO complaint within 15 days of receipt of the EEO

counselor's notice of the employee's right to file a discrimination complaint. 29 C.F.R. §

1614.106(b). Failure to timely initiate contact with an EEO counselor or to file a formal EEO

complaint within the required period will bar subsequent review of the claim in federal court

absent waiver, estoppel or equitable tolling and it is the employee's burden to establish these

exceptions. *See Pacheco v. Rice*, 966 F.2d at 905.

Defendant argues that Webster's overtime pay claim is barred because Webster elected to

proceed with his overtime pay claim under his collective bargaining agreement and not pursuant

to the agency EEO process. *See* 29 C.F.R. 1614.301(a) (a person filing a discrimination

complaint "must elect to raise the matter under either [the agency EEO process] or the negotiated

grievance procedure, but not both.") Webster specifically excluded his overtime claim from his

September 22, 2005 formal EEO complaint, stating:

> While an additional incident occurred on August 26, 2005, such
> incident is not to be included in this EEO complaint. Such
> additional incident regarding retaliation regarding denial of
> overtime hours will be treated separately in a grievance to be
> brought under terms of the collective bargaining agreement
> between labor and management.

Def. App. p. 5 ¶ 15:(a). Although he did initiate EEO counseling within the required 45-day

time period under section 1614.105(a)(1), *supra*, Webster excluded his overtime hours claim

from his formal EEO complaint and, therefore, has failed to satisfy the exhaustion requirements under the regulations.  *See* 29 C.F.R. § 1614.106(b); Def. App. pp. 5, 60, 66.

Defendant claims that Webster's remaining hostile work environment and retaliation claims are also procedurally barred.  The remaining claims relate to Ms. Karafin's alleged unauthorized review of his work and Webster's allegation that she generally created a hostile work environment.  His amended complaint does not specify the date on which Ms. Karafin allegedly reviewed his work or otherwise created a hostile work environment; however, the attachments to his "proposed amended pleading" indicate that on March 7, 2007 he sent an email complaining of Ms. Karafin's unauthorized review of his work.  *See* Email from Webster to Vivian Hendley, dated March 7, 2007, attached to Plaintiff's Proposed Amended Pleading filed on June 26, 2007.  That is also the date referenced in his EEO complaint.  Def. App. p. 21.  His first and only contact with an EEO counselor regarding a hostile work environment occurred 75 days later on May 21, 2007.  *See* Def. App. pp. 20, ¶19 and 26 (dismissing his agency action for failure to initiate contact with an EEO counselor within 45-days)  Therefore, Webster did not satisfy the requirement that he contact an EEO counselor within the required 45-day time period under 29 C.F.R. § 1614.105(a)(1).  He did not advance any excuse for his delay in contacting an EEO counselor in his agency complaint, *See* Def. App. p. 26, nor has he done so in response to Defendant's motion for summary judgment.  There is no evidence of any acts by Ms. Karafin occurring within the 45-day period preceding May 21, 2007 or that he filed any subsequent EEO complaint alleging a timely claim of hostile work environment.

Therefore, because Webster failed timely to initiate or otherwise exhaust his administrative remedies with respect to his claims, merits review is barred and Defendant is

6

entitled to summary judgment on the same. *See Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002) *(citing Pacheco v. Rice*, 966 F.2d at 905).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that Defendant's motion for summary judgment be granted and Plaintiff's case be dismissed with prejudice.

Signed this 11th day of September, 2008.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.